**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MOISES ANTONIO SALMERON, | No. 11-72279 |
| Petitioner, | Agency No. A094-453-441 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015[**]

Before:    GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Moises Antonio Salmeron, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence the agency's factual findings. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny the petition for review.

The record does not compel the conclusion that Salmeron established extraordinary circumstances excusing the untimely filing of his asylum application. *See* 8 C.F.R. 1208.4(a)(5). Thus, his asylum claim fails.

Substantial evidence supports the BIA's determination that Salmeron's experiences in El Salvador did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Substantial evidence also supports the BIA's determination that Salmeron did not show it is more likely than not that he would be subject to persecution on account of a protected ground. *See INS v. Stevic*, 467 U.S. 407, 429-30 (1984). Thus, his withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of Salmeron's CAT claim because he has not shown it is more likely than not he will be tortured by the government of El Salvador or with its consent or acquiescence. *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

We deny Salmeron's motion to hold this case in abeyance.

**PETITION FOR REVIEW DENIED.**